Calvin Morgan **BISSETTE** and Frances T. Bissette, Plaintiffs,

v.

**COLONIAL MORTGAGE CORPORATION, of District of Columbia,** Defendant.

**Civ. A. No. 1978-71.**

United States District Court, District of Columbia.

April 18, 1972.

Benny L. Kass, Washington, D. C., for plaintiffs.

Joseph V. Gartlan, Jr., Washington, D. C., for defendant.

## MEMORANDUM OPINION

GASCH, District Judge.

Plaintiffs brought suit seeking a declaration that defendant Colonial Mortgage Corporation violated the Truth in Lending Act [1] and for damages under Section 1640 of the Act. This matter came on for consideration on cross-motions for summary judgment, the memoranda filed, and the hearing conducted pursuant thereto. The material facts, which are not in dispute, can be summarized as follows:

In June, 1970, nominal plaintiffs, Mr. and Mrs. Calvin Bissette, entered into an agreement with the Ardon Corporation for the purchase of a one-family house, contingent only upon their obtaining satisfactory financing. To obtain such financing, plaintiffs met with defendant Colonial Mortgage Corporation and after filing the necessary F.H.A. application, were informed by defendant on November 23, 1970, that F.H.A. approval had been obtained. The Bissettes entered into a pre-possession agreement and moved into their new home December 2, 1970. Closing took place December 23, 1970, and at that time defendant made what it acknowledges to be the required disclosures under the Act.

Plaintiffs contend that under the Truth in Lending Act and its implementing regulation, 12 C.F.R. § 226 et seq. (known and hereinafter cited as "Regulation Z"), disclosure of relevant credit information at closing is not timely, in that it is too late to meet the purpose of the Act, to enable those to whom credit is extended to have the opportunity intelligently to compare the various credit arrangements available to them. It is plaintiffs' position that a contract was "consummated" within the meaning of the Act November 23, 1970, when the defendant told them of F.H.A. approval and therefore, the relevant disclosures should have been made at that time. In the alternative, plaintiffs submit even absent an enforceable contract prior to closing, disclosure at closing is too late to be "meaningful" under the Act. The defendant contends "by the clear language of the statute, the disclosure rendered to the [p]laintiffs was timely."[2] There is no question that under § 1639(a) a lender must make Truth in Lending disclosures, nor does a conflict exist as to the information to be disclosed therein.[3] The sole issue presented for determination is when such disclosure must be made. As pertinent hereto, the Act provides:

(b) Except as otherwise provided in this part, the disclosures required by

1. Title I, 15 U.S.C. § 1601 et seq., of the Consumer Protection Act of May 29, 1968, 82 Stat. 146 (hereinafter cited as "the Act").

2. Points and Authorities in Support of Defendant's Motion for Summary Judgment, p. 5.

3. While the issue is not directly raised, there is no question that the Act and Regulation Z apply to real estate transactions. H.R.Rep.No.1397, 90th Cong., 2d Sess. 24–25 (1968). See Jensen, Effect of Federal Truth in Lending Act and Regulation Z on Real Estate, 4 Real Property, Probate and Trust Journal 11, (1969).

subsection (a) of this section *shall be made before the credit is extended,* and may be made by disclosing the information in the note or other evidence of indebtedness to be signed by the obligor.[4]

Regulation Z, similarly, states that "such disclosures shall be made before the transaction is consummated."[5] Defendant advances four arguments to support its position that disclosure of Truth in Lending information at closing is timely under the Act. They will be discussed *seriatim* after an examination of the legislative history of the Act.

■ The Senate Report on Truth in Lending makes clear its purpose is "to provide a full disclosure of credit charges to the American consumer,"[6] to "permit consumers to *compare the cost of credit among different creditors and to shop effectively for the best credit buy.*"[7] This intention is also manifest in Section 102 of the Act which states:

It is the purpose of this subchapter to assure a meaningful disclosure of credit terms *so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.*[8]

From the sections quoted above and the other relevant portions of the legislative history of the Act,[9] this Court concludes that Congress intended to provide the consumer with the information necessary to "comparison shop" for credit. See, Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270, 276 (S.D.N. Y.1971).

In essence, defendant's first contention is that the language in the first subsection of § 1639(b), that disclosure "shall be made before the credit is extended", should be read to mean "any time" before credit is extended. Such an interpretation is in direct conflict with the essential purpose of this legislation in that disclosure made at a time too late to compare credit alternatives would thereby be acceptable. This Court cannot be persuaded that the Congress intended to provide consumers with vital information at a point in time too late for its effective use.

Defendant next finds support for its position that disclosure at closing is timely under the Act in the words of the last subsection of § 1639(b) that the requisite disclosure "may be made by disclosing the information in the note or other evidence of indebtedness to be signed by the obligor."[10] It is defendant's position that by allowing a lender to provide the necessary Truth in Lending information in the note evidencing the obligation, the statute permits the required disclosures to be made as late as when the debtor signs the note, i.e., at closing. Both logic and the relevant legislative history refute this contention. Clearly the language relied upon merely states *how* Truth in Lending information may be disclosed and says nothing whatsoever about *when.* Accordingly, the section-by-section summary in the House Report on the Act makes it clear that the intent of this section is to facilitate compliance by making disclosure possible in a single instrument, to a single obligor.[11]

Defendant next contends that complete disclosure cannot be made prior to closing because all information relative to closing costs would not be available.

---

4. 15 U.S.C. § 1639(b), *(emphasis added).*

5. 12 C.F.R. § 2268(a).

6. S.Rep.No.392, 90th Cong., 1st Sess. 1 (1967).

7. *Id.* *(emphasis added).*

8. 15 U.S.C. § 1601 *(emphasis added).*

9. H.R.Rep.No.1040, 90th Cong., 1st Sess. 7, 13 (1967) ; Conference Rep. No. 1397,

90th Cong., 2d Sess. 2 (1968), U.S.Cong. & Admin.News, pp. 1962, 1975 (1968).

10. 15 U.S.C. § 1639(b).

11. Disclosure may be made "on the contract or other document to be signed by the customer, *thereby obviating any need for disclosure on a separate piece of paper.*" U.S.Code Cong. & Admin.News, p. 1982 (1968) *(emphasis added).*

The Court notes that most of the information disclosed by defendant on closing day was ascertainable well in advance of that time.[12] Moreover, this problem was anticipated by Regulation Z which provides:

> *Unknown information estimate.* If at the time disclosures must be made, an amount or other item of information required to be disclosed, or needed to determine a required disclosure, is unknown or not available to the creditor, and the creditor has made a reasonable effort to ascertain it, the creditor may use an estimated amount or an approximation of the information, provided the estimate or approximation is clearly identified as such, is reasonable, is based on the best information available to the creditor, and is not used for the purpose of circumventing or evading the disclosure requirements of this Part.[13]

Plaintiffs do not seek, nor does the Act require, full and complete disclosure of each and every detail of the entire credit transaction. Plaintiffs merely want a clear indication of the cost of their new home, so they can decide for themselves whether the charges are reasonable and have the opportunity, if they wish, to compare that cost with other available credit arrangements.

Finally, defendant maintains that the statutory ambiguity requiring disclosure "before the credit is extended" does not lend itself to an absolute rule as to the time of such disclosure. It is clear, however, that the promulgation of such a general rule is not necessary to the determination of this case. All that is required and all this Court concludes is that Truth in Lending disclosures made only at closing frustrate the Congressional intent and basic purpose of the Act, and as such, constitute a violation thereof. This conclusion makes it unnecessary for the Court to examine the conflicting positions of the parties as to whether a contract existed prior to the date of closing.

While this suit was instituted as a class action, it has been agreed that plaintiffs' motion to certify the class would be held in abeyance pending resolution of the motions for summary judgment. Accordingly, plaintiffs' prayer for relief under 15 U.S.C. § 1640 will be considered when the propriety of the class is determined.

Plaintiffs' motion for summary judgment is granted.

---

12. See, Exhibit D to Complaint for Declaratory and Injunctive Relief.

13. 12 C.F.R. § 226.6(f).